IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM O'BRIEN** | : | **CIVIL ACTION** |
| *Petitioner* | : | |
| | : | |
| v. | : | **NO. 23-CV-4206** |
| | : | |
| **UNITED STATES** | : | |
| *Respondent* | : | |

**M E M O R A N D U M**

NITZA QUIÑONES ALEJANDRO, J.                                                                            NOVEMBER 6, 2023

William O'Brien, a federal convict serving a sentence for multiple controlled substance offenses, *see United States v. O'Brien*, 15-CR-21, has filed a Petition for Writ of *Audita Querela* and *Petition for Writ of Habeas Corpus*, pursuant to the All Writs Act, 28 U.S.C. § 1651, in which he seeks to "correct" a violation of his Fifth Amendment rights. (ECF. 1). For the following reasons, the Petition will be dismissed without prejudice to O'Brien seeking permission pursuant to 28 U.S.C. § 2244(a) and § 2255(h) from the United States Court of Appeals for the Third Circuit to file a second or successive § 2255 motion in this Court.

**I.      FACTUAL ALLEGATIONS**[1]

O'Brien's Petition cites a decision from the United States Supreme Court, *Ruan v. United States*, 597 U.S. ___, 142 S.Ct. 2370 (2022) (holding that in a prosecution under the Comprehensive Drug Abuse Prevention and Control Act for "knowingly or intentionally" distributing a controlled substance "except as authorized," once a defendant meets the burden of producing evidence that his or her conduct was "authorized," the Government must prove beyond

---

[1] The factual allegations set forth in this Memorandum are taken from O'Brien's Petition (ECF No. 1). The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

a reasonable doubt that the defendant knowingly or intentionally acted in an unauthorized manner), and argues that the decision constitutes a substantive change in law that should result in the overturning of his conviction and immediate release from custody. (ECF No. 1 at 2.) He asserts he is actually innocent and was convicted through the use of flawed jury instructions. (*Id*.) O'Brien contends that the procedural bar preventing the filing of a second or successive § 2255 petition and his inability to receive *habeas corpus* relief under 28 U.S.C. § 2241, permit him recourse to the All Writs Act to obtain relief. (*Id*. at 14.)

## II. ANALYSIS

"The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009) (citing *Pennsylvania Bureau of Correction v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985). "'Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'" *Id*. As the Third Circuit explained in *Massey*, "[t]he common law writ of *audita querela* permitted a defendant to obtain 'relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment.'" *Id*. (quoting *United States v. Ayala*, 894 F.2d 425, 427 (D.C. Cir. 1990) (quoting 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2867, at 235 (1973)). This writ "existed as a remedy primarily for judgment debtors." *Id*.

The Third Circuit held that, while the writ "is available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief," *id*. (citations omitted), a motion to vacate sentence pursuant to 28 U.S.C. § 2255 "is the means to collaterally challenge a federal conviction or sentence." *Id*. In *Massey*, the Third Circuit held that the district court correctly held that Massey could not seek relief via a petition for a writ of *audita querela* because his claim "was

2

cognizable under § 2255.  There is no gap to fill in the post-conviction remedies." *Id*.  Most importantly, Massey, like O'Brien, had already filed a petition pursuant to § 2255 and was subject to the "second or successive" gatekeeping rule of 28 U.S.C. § 2244(a).  *See Massey*, 581 F.3d at 173.  Nonetheless, the Court held that the writ was not available to Massey "on the basis of his inability to satisfy the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for filing a second or successive § 2255 motion to vacate sentence." *Id*. at 174 (citing *United States v. Valdez–Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001) (noting that a "prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs.").

Rather, "[i]f [a defendant] wishes to collaterally challenge his conviction or sentence by filing a second or successive § 2255 motion, he must do so by complying with the gatekeeping requirements prescribed by 28 U.S.C. § 2244 and § 2255(h)", and "[h]e may not use a mandamus petition to evade these requirements." *Sykes v. Ebbert*, No. 19-1133, 2019 WL 5892643, at *1 (M.D. Pa. Nov. 12, 2019).  Accordingly, O'Brien's Petition will be dismissed without prejudice to his ability to seek permission under § 2244 and § 2255(h) from the United States Court of Appeals for the Third Circuit to file a second or successive petition pursuant to § 2255.  An appropriate Order will be entered separately.

*NITZA QUIÑONES ALEJANDRO, J.*